IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARJORIE BEAR DON'T WALK,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT CHARETTE, as Chairman of the Indian Health Board of Billings; *et al.*<br><br>Defendants. | CV 17-79-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

Before the Court are two motions to dismiss, one filed July 27, 2017, by defendant Robert Charette (Doc. 6), and another filed August 30, 2017, by defendants Dorothy Dupree and Indian Health Services ("IHS") (collectively, the "U.S. Defendants") (when referring to Charette and the U.S. Defendants, "Defendants") (Doc. 10). Each motion seeks the dismissal in full of plaintiff Marjorie Bear Don't Walk's Complaint. (Doc. 5.) For the reasons that follow, the Court finds that other circumstances justify the dismissal of this case, and therefore recommends that the case be dismissed with prejudice and that Defendants' motions be denied as moot.

//

## I. Pertinent Facts

When considering motions to dismiss, a court must accept as true all well-pleaded allegations of material fact and construe them in the light most favorable to the nonmoving party. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). A court also may consider materials attached to the complaint or incorporated by reference. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Accordingly, the following facts are derived from Plaintiff's Complaint, in addition to the events occurring in the course of litigation up to this point.

Plaintiff served as director of the Indian Health Board of Billings ("IHBB") for thirty years. (Doc. 5 at 2.) Plaintiff alleges she was wrongfully terminated from that position without cause and without "opportunity to represent [her]self." (*Id*. at 1.) Plaintiff alleges that she was "kicked out" of the IHBB building and her office, and that her property was "[seized]." (*Id*.) Plaintiff additionally alleges that "IHS always provided a hostile environment." (*Id*. at 2.)

Plaintiff sets forth additional allegations that appear to be made on behalf of IHBB and are not personal to Plaintiff. For example, Plaintiff alleges that "IHS lied about the IHBB on front page of newspaper and radio/TV," but the Complaint does not provide any indication as to either the content of the alleged "lie," nor as to how IHS's actions harmed the Plaintiff. (*Id*. at 2.) Plaintiff also alleges that IHS diverted IHBB funds that were earmarked for an unspecified diabetes program.

(*Id.*)  But, again, Plaintiff fails to include any details about this claim and, even assuming Plaintiff's allegation is true, it is unclear from Plaintiff's Complaint how she has been harmed personally by IHS's conduct.

Plaintiff filed her Complaint in the Montana Thirteenth Judicial District Court on May 10, 2017.  (Doc. 5.)  The U.S. Defendants removed the case to this Court on June 8, 2017.  (Doc. 1.)  Charette filed his Motion to Dismiss for Failure to State a Claim ("Charette Motion") on June 27, 2017 (Doc. 6), and the U.S. Defendants filed their Motion to Dismiss or in the Alternative for Summary Judgment ("U.S. Motion") on August 30, 2017 (Doc. 10).  In an attempt to comply with the requirements of Local Rule of Procedure for the District of Montana (L.R.) 7.1(c)(1), the Defendants represented that they had attempted to contact the Plaintiff to obtain her position of the motions, but were unable to do so.  (Docs. 6, 10.)

Under L.R. 7.1(d)(1)(B)(i), Plaintiff's responses were due within twenty-one days after the motions were filed.  Plaintiff has not responded to either motion.

On October 31, 2017, more than three months after the Charette Motion and two months after the U.S. Motion, the Court entered an Order requiring Plaintiff to show cause, on or before November 14, 2017, why the Court should not deem Defendants' motions to be well-taken in accordance with L.R. 7.1(d)(1)(B)(ii), which provides that "failure to file a response brief may be deemed an admission

that the motion is well-taken." (Doc. 15.) The Court's Order explicitly warned Plaintiff that failure to respond to the Order would result in a recommendation to Judge Watters that this case be dismissed with prejudice. (*Id.* at 2.) Plaintiff's response to the Court's Order is now more than seven weeks overdue, and Plaintiff still has not responded to the Court's Order, or to either of Defendants' motions.

## II. Legal Standard

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Even though the rule states that a defendant may move for dismissal under the specified circumstances, it is well-settled that the Court may dismiss a case on its own motion without awaiting a defense motion. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

## III. Discussion

In considering dismissal under Rule 41(b), a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *cert. denied*, (2003) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

4

### A. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Here, Plaintiff has given no reason for her failure to respond to Defendants' motions, failure to comply with the Court's show-cause Order, or failure to prosecute this action. This factor weighs in favor of dismissal.

### B. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (*citing Yourish*, 191 F.3d at 990). As noted by the Ninth Circuit, "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants . . . ." *Ferdik*, 963 F.2d at 1261.

Litigants who do not prosecute their cases, and do not obey the Court's orders, disrupt the Court's handling of other matters by consuming time and resources needed by litigants who responsibly manage their cases. The Court cannot manage its docket if a party ignores Court orders and fails to communicate with the Court. Plaintiff has been given months to comply with the local rules, and several weeks to comply with the Court's Order. Under the circumstances of this case, this factor weighs in favor of dismissal.

## C. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (*citing Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). However, "[t]he law…presumes prejudice from unreasonable delay." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 642 (*citing Sibron v. New York*, 392 U.S. 40, 57 (1968)).

Though Defendants have not attempted to prove that they have been prejudiced by Plaintiff's failure to prosecute, there is a rebuttable presumption under the law that unreasonable delay results in prejudice. The Court gave Plaintiff the opportunity to explain why she did not timely respond to Defendants' motions. Plaintiff did not take advantage of that opportunity.

Accordingly, the Court considers Plaintiff's failure to prosecute her case to constitute an unreasonable delay, and finds this factor weighs in favor of dismissal.

## D. Alternatives

"[W]arning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement."

*Malone*, 833 F.2d at 132. Here, the Court attempted the less-drastic measure of allowing Plaintiff to show cause as to why she had not responded to Defendants' motions, when it could have recommended under the Local Rules that Judge Watters deem those motions to be well-taken for Plaintiff's lack of response. That show-cause Order specifically warned Plaintiff that failure to respond would result in a recommendation of dismissal with prejudice. (Doc. 15 at 2.) At this point, Plaintiff has (a) failed to prosecute this case, (b) failed to respond to the Defendants' motions as required by the Local Rules, and (c) failed to comply with a Court order after having been warned that such failure could result in dismissal. If the Plaintiff simply chooses to ignore the rules of procedure and orders from this Court, there are no viable alternatives to dismissal.

The Court understands its obligations to *pro se* litigants and has endeavored to fulfill them in this case. Plaintiff was given the time afforded by L.R. 7.1 to respond to Defendants' motions, additional time to explain to the Court her failure to do so, and additional time until now to accomplish either of those tasks. She has not complied. This factor weighs in favor of dismissal.

### E.  Disposition on the Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, the Ninth Circuit "[has] also recognized that this

factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Since that is precisely the situation here, this factor does not weigh heavily in Plaintiff's favor.

## IV. Conclusion

While the policy in favor of disposition on the merits may weigh marginally against dismissal under Rule 41(b), Plaintiff's failure to prosecute this case largely neutralizes that factor, and the remaining four factors clearly weigh in favor of dismissal.

Therefore, the Court recommends that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute her case, and her failure to comply with the Court's show-cause Order. Accordingly,

**IT IS RECOMMENDED** that:

(1) This matter be dismissed with prejudice; and

(2) Defendants' motions to dismiss (Docs. 6, 10) be **DENIED** as moot.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies

8

served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 4th day of January, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge